UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:04-CR-00062-BR
NO: 5:16-CV-00269-BR

| LEVERNE SILVER | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 268.) The Clerk notified petitioner of his obligation to file a response to the motion to dismiss, (DE # 278), but petitioner has not filed anything in response, and the time within which to do so has expired.

In 2004, pursuant to a plea agreement, petitioner pled guilty to conspiracy to distribute and possession with intent to distribute more than 50 grams of cocaine base and using or carrying a firearm in furtherance of a drug trafficking crime and aiding and abetting the same. In 2005, after finding the petitioner qualified as a career offender under the sentencing guidelines, the court sentenced petitioner to 273 months imprisonment on each count, to run concurrently. Petitioner did not appeal. In 2016, petitioner filed *pro se* the instant § 2255 motion. (DE # 259.)

After petitioner filed his § 2255 motion, the Office of the Federal Public Defender entered a notice of appearance on behalf of him. The government then filed the instant motion to dismiss. Several months later, the Office of the Federal Public Defender filed a motion to withdraw from representation, which the court allowed. The court directed the government to serve its motion and supporting memorandum on petitioner. (DE # 276.) The government did

so. (DE # 277.) As noted, despite notice of the motion, petitioner has not filed a response.

The government contends that petitioner's motion should be dismissed for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See United States v. Reckmeyer, 900 F.2d 257 (4th Cir.1990) (unpublished) ("We agree that a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition." (footnote omitted)).

Petitioner asserts one claim for relief in his § 2255 motion. He contends that he is "actually innocent" of being a career offender and challenges his career offender designation based on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Before considering these arguments, it is important to understand the basis for petitioner's career offender status.

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2004). Pertinent here, a crime of violence under the career offender guideline's so-called "residual clause" is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 4B1.2(a)(2). "'[C]ontrolled

2

substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . ." Id. § 4B1.2(b).

Petitioner was sentenced as a career offender based on the following three convictions. (PSR ¶ 78.) In February 1991, when petitioner was 21 years old, in Franklin County District Court, Case No. 91 CR 99, petitioner was convicted of assault on a female and sentenced to four to five months imprisonment, suspended. (Id. ¶ 33.) In April 1991, in Warren County District Court, in Case Nos. 91 CR 405, 91 CR 406 (consolidated for judgment), petitioner was convicted of assault with a deadly weapon, assault by pointing a gun, and communicating threats and sentenced to two years imprisonment, suspended. (Id. ¶ 34.) At the time of these 1991 convictions, the statutory maximum term of imprisonment for the assault on a female and assault with a deadly weapon offenses was two years. See N.C. Gen. Stat. § 14-33(b)(1), (2) (1974). In November 1994, in Franklin County Superior Court, in Case Nos. 94 CRS 4624, 96 CRS 4625 (consolidated for judgment), petitioner was convicted of two counts of sell or deliver cocaine and sentenced to eight years imprisonment. (PSR ¶ 36.)

In support of his argument that he is actually innocent of being a career offender, petitioner claims his consolidated "misdemeanor" assault convictions have been expunged and relies on those documents identified as Exhibit A filed in support of his motion. (DE # 1, at 15.) Exhibit A consists of: (1) what appears to be printouts of computerized information pertaining to petitioner's second-degree trespass, assault with a deadly weapon, and assault by pointing a gun convictions; (2) a judgment remitting the monetary balance due in those cases; and, (3) a 4 December 2015 affidavit of Donna Gail Richardson referring to petitioner's assault on a female

3

case number and stating the affiant consents to petitioner's motion to set aside the guilty verdict and to the State's dismissal of the case. (Id. at 26-30.) None of these documents shows that any of petitioner's prior state convictions has been expunged, vacated, or disposed of.

Even assuming that petitioner might be factually innocent of the assault on a female conviction, cf. United States v. Maybeck, 23 F.3d 888, 892-94 (4th Cir. 1994) (applying actual innocence exception in § 2255 to noncapital sentencing proceeding where the defendant was innocent of one of the two convictions used to determine he was a career offender), his two other career offender predicate convictions (assault with a deadly weapon and sell or deliver cocaine) remain. As for those other convictions, the decision in Johnson does not offer petitioner assistance. In Johnson, the Court held that the residual clause in the violent felony definition of the Armed Career Criminal Act was unconstitutionally vague. United States v. Lee, 855 F.3d 244, 246 (4th Cir. 2017). However, "*Johnson*'s vagueness holding does not apply to the residual clause in [the career offender guideline]." Id. at 247 (citing Beckles v. United States, 137 S. Ct. 886, 892 (2017)). Johnson also has no bearing on petitioner's controlled substance conviction. See United States v. Outen, Cr. No. 3:09-826-CMC, 2017 WL 2277193, at *2 (D.S.C. May 25, 2017) (recognizing that Johnson does not "address predicate convictions based on drug offenses"). As such, petitioner is not entitled to relief on his habeas corpus claim.

The government's motion is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255

Proceedings, a certificate of appealability is DENIED.

This 18 January 2018.

                                                W. Earl Britt
                                                Senior U.S. District Judge