IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:04-CR-00062-1-BR

UNITED STATES OF AMERICA        )
                                       )
                                       )
                                       )
        v.                        )   <u>ORDER</u>
                                       )
LEVERNE SILVER                  )
                                       )

This matter is before the court on defendant's *pro se* motion to reduce his term of supervised release. (DE # 309.) The government did not file a response to the motion.

More than a decade ago, defendant pled guilty to conspiracy to distribute and possession with intent to distribute more than 50 grams of cocaine base ("Count 1") and using or carrying a firearm in furtherance of a drug trafficking crime and aiding and abetting the same ("Count 10"). The court sentenced him to 273 months imprisonment on each count, to run concurrently, and to five years supervised release on each count, to run concurrently. Recently, pursuant to the First Step Act of 2018 ("First Step Act"), the court reduced defendant's term of imprisonment to time served, which included a 60-month consecutive sentence on Count 10, and reduced his term of supervised release on Count 1 to four years, to run concurrently with the term of supervised release on Count 10. (DE # 308.) The court did not modify his term of supervised release on Count 10.

Defendant argues that he served three years more than his "correct" sentence of imprisonment, and, as a result, that time should be credited to reduce his total term of supervised release to one year. (See id. at 5, 6.) Even assuming defendant spent some excess time in prison, "a defendant has no *entitlement* to credit his overserved custodial time against his term of

supervised release." <u>United States v. Ketter</u>, 908 F.3d 61, 66 (4th Cir. 2018) (citing <u>United</u>

<u>States v. Johnson</u>, 529 U.S. 53, 59 (2000)); <u>see</u> <u>also</u> <u>United States v. Jackson</u>, 952 F.3d 492, 499

(4th Cir. 2020) ("More broadly, a defendant is not entitled to a sentence that would result in

banked time.").

      Additionally, the court retains significant discretion in determining whether a reduction

under the First Step Act is warranted and the extent of any reduction. <u>See</u> <u>United States v.</u>

<u>Wirsing</u>, 943 F.3d 175, 180 (4th Cir. 2019). In his motions for a sentence reduction under the

First Step Act, defendant requested that his term of imprisonment be reduced to time served and

his term of supervised release be reduced to an unspecified period. (<u>See</u> DE # 299, at 1, 9; DE #

306, at 6.) After determining defendant was eligible for relief under the First Step Act, the court

exercised its discretion and reduced defendant's terms of imprisonment and supervised release

appropriately.

      The court will not further reduce defendant's term of supervised release, and defendant's

motion is DENIED.

      This 21 April 2020.

                      W. Earl Britt
                      Senior U.S. District Judge

2